No. 1442.—STATE OF LOUISIANA v. PETER ORSINI, alias PETER MANCHINI.

The affidavit of the accused, after a verdict of guilty of murder, that he is not familiar with the English language, is not good cause for a new trial; nor will questions of fact, presented in the affidavit, be noticed on appeal.

APPEAL from First District Court of New Orleans. *Howe*, J.
*B. L. Lynch*, Attorney General, for the State. *H. C. Castellanos*, for defendant and appellant.

WYLY, J. The defendant appeals from a judgment convicting him of murder without capital punishment, and asks this court

to reverse the judgment and remand the case, to be proceeded in according to law. No errors of law are suggested as appearing in the trial of the cause; but the complaint is, that the district judge should have granted the motion for a new trial, based on the affidavit of the defendant, " that he is slightly acquainted with the English language; that on the trial of his case his witnesses were not called upon the stand; that he is anxious to have a new trial for the purpose of establishing the following facts." * * * The correctness of the facts presented in the affidavit can not be determined by this court, its jurisdiction in criminal cases being limited to questions of law only. Article 74 of the constitution; State v. Bass, 11 An. 478.

But, admitting the truth of the averment, we see no legal grounds for granting a new trial. It is not stated that the slight acquaintance of the defendant with the English language prevented him from making adequate preparation for the trial, or that the evidence he desires to adduce, on a new trial, is newly discovered.

It is therefore ordered that the judgment of the court a qua be affirmed, with costs.

Mr. Justice Howe was recused in this case.